

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-19-00261-CR
_____

THOMAS PAUL CARROLL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 18310

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

After an Upshur County jury convicted Thomas Paul Carroll of assault against a peace officer, Carroll was sentenced to ten years' imprisonment and ordered to pay a $5,000.00 fine. *See* TEX. PENAL CODE ANN. § 22.01(b-2) (Supp.). In his sole point of error on appeal, Carroll argues that the trial court abused its discretion in admitting an extraneous offense of resisting arrest during the guilt/innocence phase of trial.

Because we conclude that Carroll was not harmed by the admission of the extraneous offense evidence, we overrule Carroll's sole point of error. Even so, we modify the trial court's judgment to reflect that Carroll's conviction resulted from a jury trial, he did not plead guilty to the offense, there was no plea bargain, and he had the right to appeal. We affirm the judgment, as modified.

## I. Carroll Was Not Harmed by the Admission of Extraneous-Offense Evidence

### A. Factual and Procedural Background

The State alleged that, on or about January 31, 2019, Carroll assaulted Taylor Fast, a peace officer, while Fast was lawfully discharging an official duty. Video recordings of the incident, which were shown to the jury without objection, demonstrated that Carroll was intoxicated at the time of the offense.

Before opening statements at trial, in a hearing outside of the jury's presence, the State sought to introduce facts showing that Carroll had been placed on deferred adjudication community supervision in July 2018 for resisting arrest. The State noted that it had filed a motion to adjudicate guilt alleging that, as a result of the January 2019 assault, Carroll had violated the

terms and conditions of his community supervision by resisting Fast's arrest, consuming alcohol, and being publicly intoxicated and that Carroll had failed to comply with the trial court's orders to complete community service. The State abandoned the allegation that Carroll had resisted Fast's arrest but argued that a docket entry showed Carroll pled true to the allegations that he had consumed alcohol and was publicly intoxicated. The allegations in the State's motion to adjudicate guilt were only required to be proved by a preponderance of the evidence, but the State argued that Carroll's pleas of true to the alcohol-related allegations constituted a judicial admission providing proof, beyond a reasonable doubt, that Fast was discharging a legal duty at the time of the assault.[1] Based on this reasoning, the State argued that it should be allowed to publish the judgment adjudicating Carroll's guilt of the 2018 offense in the trial of this case.[2]

Carroll objected to the introduction of this extraneous-offense evidence based on Rules 403 and 404(b) of the Texas Rules of Evidence, referenced the recording of the 2019 incident that would be shown to the jury, and argued that issues like identity and the county of the offense were not in dispute. Carroll also argued that the State's introduction of the judgment adjudicating guilt was a ploy to "bootstrap" the fact that he had resisted arrest in the past. In the course of attempting to explain why Carroll's pleas to the State's motion to adjudicate guilt should be admitted, the State failed to present any argument showing why the extraneous offense of resisting arrest in 2018 was admissible under Rules 403 and 404(b). Even so, the trial court indicated that it would allow the State to introduce the evidence.

---

[1]The State also argued that the extraneous offense was relevant to prove the issue of identity.

[2]The State argued that the judgment could be admitted as an exception to hearsay.

As a result, the State proffered Exhibit 2, which was comprised of (1) the complaint and information in the prior offense alleging that Carroll "intentionally or knowingly prevent[ed] or obstruct[ed] N. Starr, a person the defendant knew to be a peace officer, from effecting an arrest of the defendant, by using force against said officer," (2) the terms and conditions of Carroll's community supervision, (3) the judgment adjudicating his guilt for resisting arrest, (4) the State's allegations in its motion to adjudicate guilt, and (5) a docket sheet entry showing that Carroll pled true to some of the State's allegations. Carroll again objected to the introduction of Exhibit 2, argued that the judgment never referenced any plea of true, and argued that the State's allegation of public intoxication could not be used to show that Fast was discharging an official duty because it did not allege that Carroll was arrested as a result of intoxication. The trial court overruled Carroll's objections.

B.      Standard of Review

On appeal, Carroll argues that the trial court erred in admitting the extraneous-offense evidence of the 2018 resisting arrest conviction over his Rule 403 and 404(b) objections. "We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex.

4

Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

### C. Analysis

"An accused must be tried only for the offense with which he or she is charged. The accused may not be tried for a collateral crime or for being a criminal generally." *Jackson v. State*, 320 S.W.3d 873, 882 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991)). For this reason, "[g]enerally, evidence of extraneous offenses may not be used against the accused in a criminal trial." *Daggett v. State,* 187 S.W.3d 444, 450 (Tex. Crim. App. 2005). "While such evidence will almost always have probative value, it forces the defendant to defend himself against uncharged crimes as well as the charged offense, and encourages the jury to convict a defendant based upon his bad character, rather than proof of the specific crime charged." *Id*. at 450–51. As a result, Rule 404 prohibits admissibility of relevant evidence of a person's character or character trait in certain circumstances. TEX. R. EVID. 404. Also, "[e]vidence that is admissible under [exceptions outlined in] Rule 404(b) may nonetheless 'be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.'" *James v. State*, 555 S.W.3d 254, 260 (Tex. App.—Texarkana 2018, pet. dism'd, untimely filed) (quoting TEX. R. EVID. 403).

The State's brief does not adequately address Carroll's Rule 404 argument. As for Rule 403, the State argues that Carroll's pleas of true to certain portions of its motion to adjudicate guilt

5

somehow "proved vital elements of the State's case" here, but the State had a higher burden of proof in this case, and the State's brief does not properly explain how the prior conviction for resisting arrest or its underlying facts were admissible under Rule 403.[3] Assuming, arguendo, that the trial court erred and the probative value of evidence of the prior resisting arrest offense was substantially outweighed by the danger of unfair prejudice, we find that Carroll was not harmed by the admission of the evidence.

Rule 44.2(b) of the Texas Rules of Appellate Procedure provides that an appellate court must disregard a nonconstitutional error that does not affect a criminal defendant's substantial rights. TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Nonconstitutional error is not grounds for reversal if, "after examining the record as a whole," there is "fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). In assessing the likelihood that the jury's decision was adversely affected by the error, we "consider everything in the record, including any testimony or

---

[3]When conducting a Rule 403 balancing test, we

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Price v. State*, 594 S.W.3d 674, 680 (Tex. App.—Texarkana 2019, no pet.) (quoting *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)).

physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Id.* at 355 (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)).

In this case, the jury was presented with strong evidence of guilt. Fast testified that he was patrolling in a marked unit when he saw Carroll stumbling across a four-lane highway at 10:30 p.m. Fast continued to watch Carroll, witnessed him exhibiting a gait, suggesting that he was intoxicated, and decided to stop him. Fast testified, and the jury saw on the recording, that Carroll's speech was heavily slurred and he had difficulty keeping his balance. Carroll decided to arrest Fast for public intoxication, but Carroll resisted arrested. Recordings showed that Carroll began fighting Fast. Fast testified that Carroll punched him in his temple and injured his hand during the scuffle and that Carroll admitted to striking Fast while being transported in the patrol car.[4]

Due to the strong evidence of guilt, we find that any error in admission of evidence of Carroll's extraneous offense could not have had a substantial and injurious effect or influence in

---

[4]Also, in the charge on guilt/innocence, the jury was instructed,

> THAT CERTAIN EVIDENCE WAS ADMITTED IN EVIDENCE BEFORE YOU IN REGARD TO THE DEFENDANT HAVING BEEN ACCUSED, OF OFFENSES OTHER THAN THE ONE FOR WHICH HE IS NOW ON TRIAL. SUCH EVIDENCE CANNOT BE CONSIDERED BY YOU AGAINST THE DEFENDANT AS ANY EVIDENCE OF GUILT IN THIS CASE. SAID EVIDENCE WAS ADMITTED BEFORE YOU FOR THE PURPOSE OF AIDING YOU, IF IT DOES AID YOU, IN DETERMINING THE INTENT OF THE DEFENDANT, AND LACK OF ACCIDENT OR MISTAKE AND TO REBUT AN AFFIRMATIVE REPRESENTATION OF THE DEFENDANT, AND YOU MAY CONSIDER IT FOR THAT PURPOSE ONLY IF YOU FIND THOSE ACTS WERE COMMITTED BEYOND A REASONABLE DOUBT.

determining the jury's verdict. Because we find that Carroll was not harmed by the admission of extraneous-offense evidence, we overrule his sole point of error.

## II.     We Must Modify the Judgment

We must modify the trial court's judgment to correct several deficiencies. The record demonstrated that Carroll was convicted by a jury after he rejected the State's plea offer and pled "[n]ot guilty" to the offense. Even so, the trial court's judgment is mistakenly labeled "JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL." It also says that Carroll pled guilty to the offense, contains terms of a plea bargain that was not made in this case, and states that Carroll waived his appeal and did not have permission to appeal.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

We modify the trial court's judgment to reflect that Carroll was tried by a jury after he pled not guilty to the offense, there were no plea bargains made in this case, and Carroll had the right to appeal.

## III.     Conclusion

We modify the trial court's judgment (1) by replacing the phrase "JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL" with the phrase "JUDGMENT OF CONVICTION BY JURY," (2) to reflect that Carroll pled "not guilty" to the offense, (3) by deleting the phrase "Terms of Plea Bargain (if any):  or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference" and replacing it with the phrase "Verdict of Jury," and (4) by deleting the phrase "APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED."  As modified, we affirm the judgment.


Scott E. Stevens
Justice


Date Submitted:     July 28, 2020
Date Decided:       August 13, 2020

Do Not Publish